## WALTERS *v.* KRAEMER.

*(Supreme Court, General Term, Second Department.* February 8, 1892.)

LIS PENDENS—WHO MAY MOVE TO DISCHARGE.

A person not a party to an action in which a *lis pendens* was filed, who owned the property covered thereby, but conveyed away the same pending the action, has no standing in court to move to discharge the *lis pendens* from record, and consequently no right to an appeal from an order denying such motion.

Appeal from special term, Kings county.

Action by Susan Walters, executrix of Samuel B. Walters, deceased, against Albert E. Kraemer, to recover a debt. Plaintiff caused a notice of pendency of action to be filed, and obtained a warrant of attachment. The property described in the notice when the same was filed, belonged to Fredericka Kraemer, who subsequently conveyed the premises to a third party. She afterwards ascertained that the *lis pendens* was on file, indexed against her name, and caused a motion to be made in the supreme court for an order directing the county clerk to discharge the *lis pendens* from record, which motion was denied, on the ground that she had no standing to make the motion after having conveyed away the property. From the order denying such motion the said Fredericka Kraemer appeals. Affirmed.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*George Wallace*, for appellant. *Albert W. Seaman*, for respondent.

PRATT, J. The plaintiff had a right to attach whatever interest the defendant had in the property levied on under the attachment. It is immaterial whether it was proper for plaintiff to file a notice of pendency of action, and index it against Fredericka Kraemer upon this motion, as she has no standing in court sufficient to enable her to bring this appeal. She is neither a party to the suit, nor, so far as appears, has any interest in the subject-matter of the action, nor is she aggrieved by the order appealed from. *Watson* v. *Nelson*, 69 N. Y. 539; Code, § 1294; *Bank* v. *Risley*, 19 N. Y. 375; *Bergen* v. *Carman*, 79 N. Y. 146. Order affirmed, with costs.